**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| **BARILLIAN CORPORATION** | * | |
| **7914 Delmont Station Road** | | |
| **Severn, MD 21144** | * | |
| | | |
| **and** | * | |
| | | |
| **LEISHA GREEN** | * | |
| **7914 Delmont Station Road** | | |
| **Severn, MD 21144** | * | |
| | | |
| **and** | * | **Case No.** |
| | | |
| **PATRICEO GREEN** | * | |
| **7914 Delmont Station Road** | | |
| **Severn, MD 21144** | * | |
| | | |
|     **Plaintiffs** | * | **JURY TRIAL REQUESTED** |
| | | |
| **v.** | * | |
| | | |
| **EXECUTIVE HOME CARE** | * | |
| **FRANCHISING LLC** | | |
| **A New Jersey Limited Liability Company** | * | |
| **270 State Street** | | |
| **Hackensack, New Jersey 07601** | * | |
| | | |
|     **SERVE ON:** | | |
|     **Greg Esgar, Chief Financial Officer** | * | |
| | | |
|     **Defendant** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**COMPLAINT**</u>

Plaintiffs, Barillian Corporation, ("Barillian"), Leisha Green ("Leisha"), and Patriceo

Green ("Pat") (Jointly "Plaintiffs"), by their attorneys, Harry M. Rifkin, and the Law Offices of

Harry M. Rifkin, sue, Executive Home Care Franchising LLC, a New Jersey Limited Liability

Company ("Defendant" or "Executive"), for violations of the Maryland Franchise Law, fraudulent

inducement, fraud, ,negligent misrepresentation, detrimental reliance and breach of contract, demand a jury trial, and declare and allege as follows:

## PARTIES

1. This Court has jurisdiction pursuant to 28 U.S.C. 1332, and Md. Cts. & Jud. Proc. Ann. 6-103(b)(1) in that Leisha and Patriceo are citizens of the State of Maryland,  Defendant Executive is a New Jersey Corporation with its principal place of business in New Jersey and the matter in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

2. Venue is proper in the District of Maryland pursuant to 28 U.S.C. § 1391 and 18 U.S.C. § 1965 as a substantial amount of the events which form the basis of the Plaintiffs' liability occurred in the District of Maryland.

3. This Court may additionally exercise supplemental jurisdiction over all of the state law claims asserted herein pursuant to 28 U.S.C § 1367.

## PARTIES

4. Barillian is a Maryland Corporation with its principal place of business at 7914 Delmont Station Road, Severn, Anne Arundel County, Maryland.

5. Leisha and Patriceo are citizens of the State of Maryland residing at 7914 Delmont Station Road, Severn, Anne Arundel County, Maryland

6. Executive is a New Jersey Corporation with its principal place of business located at 270 State Street, Hackensack, New Jersey 07601

.

## RELEVANT FACTS

16. In the last quarter of 2022, Leisha and Patriceo began researching franchise companies that would provide knowledge and support for unexperienced owner operators.

17.     In January 2023, Patriceo first looked at Executive which was in the business of providing senior citizens with home care services. Subsequently, both Leisha and Patriceo started attending conferences at Executive to learn more about its business

17.     Approximately in March,2023, Plaintiffs received the FDD From Executive and completed the franchise agreement with Executive for a Executive Home Care Services franchise, submitting a franchise application.  Executive then telephoned Leisha and Patriceo and spoke with them.  Bobby Ullmani provided Plaintiffs the overview of being a Executive Home Care Services Franchise and told them to provide a personal financial statement of their net worth.

18.     Patriceo took the initial franchise fee from his 401(K) of $49,900 and paid it to Executive after signing the franchise agreement with Executive.

19.  Leisha and Patriceo took further funds from their 401(k)s and their personal accounts for working capital in the amount of $40,000 initially.

20.     Patriceo and Leisha asked for financial help from Executive in early January 2026 after not finding any clients despite doing what Executive requested as they could not continue to fund the business with zero income.

21.     They were given three options, keep the franchise as is, bring in a partner to help them run the franchise or sell the franchise.  Executive told them a sale and transfer of the franchise would require that hiring of a broker and paying the $10,000 transfer fee., No further help was offered other than those in the franchise agreement.  In the second meeting with Executive no further suggestions or possibilities were offered by Executive.

22.     Executive advised Leisha and Patriceo that it would help them navigate with "boots on the ground" serve in a "virgin" market to help familiarize them with what would be

required to make the business successful.  The training offered was the initial virtual onboarding and several days of virtual training with other franchisees.  Plaintiffs were referred to Wellsky, which is Executive's operating system to sign up for further trainings.

23.    There was no in-person support or meetings offered by Executive to assist Leisha and Pat in navigating this new market and market specific challenges until December 2025.

25.    Executive repeatedly assured Plaintiffs of Executive's support and assured Leisha and Patriceo that their lack of industry experience would not be an issue due to the Executive's proven curriculum, marketing, and support from all Executive's departments.   That is why Leisha and Patriceo bought a franchise and purchased the Executive franchise.

27.    Executive never told Leisha and Patriceo that their contacts at Executive had left the company.  They found out when they are trying to reach them unsuccessfully.

28.     Plaintiffs reasonably acted, albeit to their detriment, upon the false information provided by Executive in the FDD.

29.   On or about May 23, 2025 Plaintiffs were told about the 52-weeks of marketing program and its costs, which were charged to them, starting in June 2025 when they were told it would initially would cost $650 plus $500 per month. This was in addition to the monthly franchise fee and was not discussed before the franchise was purchased.

30.     Plaintiffs who were affirmatively told by Executive when applying for the Executive franchise that their lack of knowledge and experience would not be an issue, and that there was no need to worry due to the step-by-step guidance and initial in-person support would be provided by Executive's support team, and other such similar representations.

4

31.     Plaintiffs were told that the zip codes given to them and the fact that it was a virgin territory made it an excellent territory for Executive with high income and a large senior population

**COUNT ONE**
**(Intentional Misrepresentation) Fraud or Deceit**

32.     Plaintiffs incorporate by reference the allegations in paragraphs 1 through 31 of this Complaint as if herein fully set forth.

33.     Executive, by and through its agents asserted false material facts as set forth above, to Leisha and Patriceo in order to induce them to sign a Franchise Agreement with it.

34.     Executive, knew that its representations were false or the representations were made with such reckless disregard for the truth, that knowledge of the falsity of the statements can be imputed to it..

35.     Executive made the false representations, set forth above, for the purpose of defrauding Plaintiffs.  They each knew that if the information provided was not true and if other withheld material information which was actually known to them had been disclosed to Plaintiffs, that Plaintiffs would not have signed the franchise agreement with Executive.

36.     Plaintiffs with justification relied upon the misrepresentations of the Executive and because Plaintiffs had been told on repeated occasions that Executive and its employees were able to handle all aspects of setting up a franchise. Executive bragged about its leadership in the industry and their qualifications for setting up successful franchises.

37.     Plaintiffs suffered damages as a direct result of the reliance upon the misrepresentations made by the Plaintiffs, through the affirmative misrepresentations of facts, the concealment of facts, the misleading partial disclosure of facts and the non-disclosure of facts in the face of a duty to disclose said facts.

WHEREFORE, Plaintiffs demand judgment against Executive in the amount of Three Million Dollars ($3,000,000) in compensatory damages plus interest and costs and such other relief as this Court deems necessary and proper.

## COUNT TWO
### (Fraud in the Inducement)

38.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 37 of this Complaint as if herein fully set forth.

39.    Executive asserted false material facts, set forth above, for the purpose of inducing Plaintiffs to sign the franchise agreement with Executive.

40.    Executive knew that its representations were false or the representations were made with such reckless disregard for the truth that knowledge of the falsity of the statements can be imputed to them.

WHEREFORE, Plaintiffs demand judgment against Executive in the amount of Three Million Dollars ($3,000,000) in compensatory damages plus interest and costs and such other relief as this Court deems necessary and proper.

## COUNT THREE
### (Intentional Misrepresentation) (Concealment or Non-Disclosure)

41.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 40 of this Complaint as if herein fully set forth.

42.    Executive failed to disclose material facts set forth above to Plaintiffs to induce them to sign the franchise agreement with Executive.

43.    Plaintiffs repeatedly told Executive throughout the franchise negotiations that they were unfamiliar with running senior home health care business and chose Executive

because of its promises to provide all the professional guidance that was necessary to be successful.

44.     As set forth above, Plaintiffs requested from Executive all relevant records which would help them in choosing their territory and how long it would take to be up and operating at a profit provided they met certain pro forma requirements.

45.     Executive provided Plaintiffs with information that provided them assurance Plaintiffs would be successful in their franchise location in a specific period of time and how long it would take to ramp up the business until it was operating at a profit. However, they intentionally omitted material information that was contrary to the information they gave to Plaintiffs.

46.     Executive's failure to disclose material i n f o r m a t i o n including, but not limited to providing initial in-person support and resources/services provided would be from third parties which would incur an additional charge as set forth above, constituted a failure to disclose a material fact, which they had a duty to disclose.

47.     Executive's failure to disclose the existence and impact of the information it withheld from Plaintiffs with the intent to deceive them, by providing more favorable, but inaccurate, information on what was necessary by initially having Leisha and Pat speak with two seasoned franchisees who have already solidified in their markets for a several years and the time expected to become profitable.  Additionally, most of the materials that were provided were outdated to include logo, relevant information that is needed to prepare for licensing and specific information specific to the state of Maryland.

48.     Plaintiffs reasonably relied on Executive's information and reasonably believed that Executive had provided them with all necessary and accurate information necessary to make

a decision on whether to purchase the Executive franchise. The expectation was that the franchisor was a seasoned business that had the knowledge and resources to guide the plaintiffs on the best path to break into this virgin market.

49. As a direct and proximate result of Executive's concealment, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs demand judgment against Executive, y in the amount of Three Million Dollars ($3,000,000) in compensatory damages plus interest and costs and such other relief as this Court deems necessary and proper.

## COUNT FOUR
### (Negligent Misrepresentation)

50. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 49 of this Complaint as if herein fully set forth.

51. Executive asserted false material facts, as set forth above, to induce Plaintiffs to sign the franchise agreement with Executive.

52. Executive had a duty of care to Plaintiffs to provide accurate information necessary for Plaintiffs to make a decision as to whether to purchase the Executive franchise.

53. Executive breached that duty by providing incomplete, false and misleading information to Plaintiffs, as set forth above, including, but not limited to material false information concerning ability of Plaintiffs to become financially profitable with their franchise and lack of direct, specific in-person guidance in the beginning stages was a detriment to their success.

54 . Careful investigation by Executive, or a review of available information within its own offices would have enabled Plaintiffs to appreciate the length of time and amount of

investment necessary before the franchise would even begin to generate revenues and the possibility of financial success.

55.     Executive knew Plaintiffs would rely upon and were in fact reasonably relying upon the false, misleading, and incomplete statements and information and would in fact incur damages directly and proximately therefrom.

56.     As a direct and proximate result of the conduct of negligent misrepresentations by Executive Plaintiffs, Plaintiffs incurred damages.

WHEREFORE, Plaintiffs demand judgment against Executive in the amount of Three Million Dollars ($3,000,000) in compensatory damages plus interest and costs and such other relief as this Court deems necessary and proper.

## COUNT FIVE (Detrimental Reliance)

57.     Plaintiffs incorporate by reference Paragraphs 1 through 88 of this Complaint as if fully set forth herein.

58.     Leisha and Patriceo relied on the representations of Executive in expending monies in connection with the grant of the franchise for the Executive franchise, opening and operating the franchise and in foregoing other business opportunities.

59.     Leisha and Patriceo's reliance were reasonable.

60.     Executive reasonably expected that their representations and promises would induce action on the part of Leisha and Patriceo, which reasonable and actual actions it induced to the detriment of Leisha and Patriceo.

WHEREFORE, Plaintiffs seeks compensatory damages against Executive in the amount of Three Million Dollars (S3,000,000), along with attorneys' fees, interest, costs and such other relief as this Court deems necessary and proper.

## COUNT SIX
### (Violation of the Maryland Franchise Act)

61.     Plaintiffs incorporate by reference Paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62.     Executive, *inter alia*, misrepresented its business experience, misrepresented the financial performance of its franchisees, failed to provide the contact information for its terminated franchises and (7) failed to include unaudited financial statements from it existing franchises.

63.     Executive's representations in its FDD provided to Plaintiffs concerning the performance of its franchisees and franchise system operates as a fraud and deceit on Plaintiffs within the meaning of the Maryland Franchise Law, Business Regulation Article, § 14-221(2), Annotated Code of Maryland.

64.     Executive engaged in an act, practice, or course of business which operated as a fraud or deceit on another person" within the meaning of the Maryland Franchise Law, Business Regulation Article, § 14-229(a)(3), Annotated Code of Maryland in that Executive made oral and written statements that did not comply with this regulation.

/s/ *Harry M. Rifkin*

Harry M. Rifkin, Fed. Bar No. 01333
Law Offices of Harry M. Rifkin
2815 Cheswolde Road
Baltimore, MD 21209
(410) 779-9199
(410) 710-6947 (facsimile)
hrifkin@rifkinlaw.net

www.rifkinlaw.net

## DEMAND FOR JURY TRIAL

Plaintiffs, Leisha Green, Patriceo Green and Barillian Corporation demand a jury trial in this case.

/s/ *Harry M. Rifkin*

Harry M. Rifkin, Fed. Bar No. 01333